[623 NYS2d 584]

In the Matter of PAUL I. FREEDMAN (Admitted as PAUL IRA FREEDMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 9, 1995

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Paul I. Freedman was admitted to the practice

of law in the State of New York by the Second Judicial Department on June 12, 1985 under the name Paul Ira Freedman. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

By affidavit dated December 13, 1994 respondent seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.11 permitting him to resign as a member of the New York State Bar. Respondent states that his resignation is given freely, voluntarily, without coercion or duress, and that he is fully aware of the implications of submitting it.

Between March of 1992 and December of 1994, 40 complaints of professional misconduct were lodged against respondent. Respondent acknowledges that he is currently the subject of disciplinary charges which are pending before a Hearing Panel of the Departmental Disciplinary Committee as well as complaints which remain under investigation by the Committee. In his answer to the charges, respondent has admitted to 30 separate violations of the Code of Professional Responsibility. Respondent acknowledges in his affidavit of resignation that he cannot successfully defend himself on the merits against many of the existing disciplinary charges or those which may result from the complaints under investigation.

Although respondent considerably understates his misconduct in his affidavit, even his "watered-down" admissions warrant disbarment. He admits that he neglected client matters, failed to return unearned portions of retainer fees in several instances, impermissibly revealed client confidences and secrets, and that he repeatedly engaged in deceptive conduct, both in his dealings with clients and with the Disciplinary Committee itself.

In view of the foregoing, respondent's resignation is accepted by this Court, his request to postpone the effective date of his resignation is denied, and his name is stricken forthwith from the roll of attorneys.

ELLERIN, J. P., ROSS, ASCH, WILLIAMS and TOM, JJ., concur.

Respondent's resignation is accepted, effective immediately, and the request to postpone the effective date of his resignation denied, all as indicated.